**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA**
**_Alexandria_      ▾Division**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s): Troy L Gray                    Case No: 26-11233-KHK

This Plan, dated _August 9, 2026_____, is:

      □      the _first_ Chapter 13 Plan filed in this case.

      ☑      a modified Plan that replaces the
          □ confirmed or ☑ unconfirmed Plan dated _5/28/26_____

          Date and Time of _Modified Plan_ Confirmation Hearing:
          _9/21/2026, 1:30 pm_____
          Place of _Modified Plan_ Confirmation Hearing:
          _Courtroom III, 200 S Washington St., Alexandria VA_____

          The Plan provisions modified by this filing are:
          4D, 5A, 6A. 8A

          Creditors affected by this modification are:
          Goose Creek Village HOA; Townes at Goose Creek; Select Portfolio,
          unsecured

**1.    Notices**

**To Creditors:**
**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.**

**In addition, you may need to timely file a proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | Included | ✓ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ✓ Included | Not included |
| C. | Nonstandard provisions, set out in Part 12 | Included | ✓ Not included |

2. **Funding of Plan.**  The debtor(s) propose to pay the Trustee the sum of $ 1135 _____ per month_____ for _60__ months.  Other payments to the Trustee are as follows: _____.  The total amount to be paid into the Plan is $_____.

3. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

      1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

      2. Check one box:

         ☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ 6813_____, balance due of the total fee of $ 6813_____ concurrently with or prior to the payments to remaining creditors.

         ☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.**     **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| n/a | | | |

**C.**     **Claims under 11 U.S.C. § 507(a)(1)**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| n/a | | | |

4.     **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.**     **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**  The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| n/a | | | | |

**B.      Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Capital One | Account securing secured credit card | 201.00 | 279.87 |

**C.      Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| n/a | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.      Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| Goose Creek Village HOA | Residence | 4658.76* | 7.75% | as funds are available |
| Townes of Goose Creek UOA | Residence | 13060.69* | 7.75% | as funds are available |

(*Portion of secured claim based on HOA liens; for judgment lien portion see 8A)

**E.      Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. **Unsecured Claims.**

    A.     **Not separately classified**.  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _51___%.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately _0____%.

    B.     **Separately classified unsecured claims**.

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| n/a | | |

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A.     **Debtor(s) to make regular contract payments**; **arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Select Portfolio | Residence | 772.00 | 3294.42 | 0% | 3 mos | 1098.14 |

    B.     **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| n/a | | | | | |

    C.     **Restructured Mortgage Loans to be paid fully during term of Plan**.  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|---|
| n/a | | | | | |

7. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| | Creditor | Type of Contract |
|---|---|---|
| n/a | | |

    **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|---|
| n/a | | | | | |

8. **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| Midland Credit Mgt | Residence | 34-4 | 50,000 | Net $0.00 |
| Truist | Residence | 34-4 | 50,000 | Net $0.00 |
| Goose Creek Village HOA | Residence | 34-4 | 50,000 | Net $0.00 See below* |
| Townes at G.C. | *CONTINUED AT BOTTOM * | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f)**. The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such   pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|---|
| n/a | | | | |

8A Continued

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| Townes at Goose Creek | Residence | 34-4 | $50,000 | Net $0.00* |

(*Applies only to $10,476.03 of Townes at Goose Crk and  $815.33 of Goose Crk Village claim, based on judgment liens)

6

CALCULATION FOR 8A:
PROPERTY: $132,000; MORTGAGE $124,995.40; HOA LIENS $17,719.45; EXEMPTION $50,000

9.    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after  the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10.    **Vesting of Property of the Estate. Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box:*

   plan confirmation.

✓    entry of discharge.

   other:_____

Notwithstanding such vesting, the debtor(s) shall give notice and obtain prior court approval of the transfer or sale of real or personal property with a value that exceeds $15,000, the refinance or modification of a loan secured by real or personal property, and the encumbrance of real or personal property.

Note: If no box is checked or if more than one box is checked, then property of the estate will vest in the debtor(s) upon plan confirmation.

11.    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $15,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12.    **Nonstandard Plan Provisions**

   **✓ None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

   **Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.**

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.C.**

_____

_____

_____

_____

7

**Dated:** 8/9/2026 _____

/s/ Troy L Gray _____     /s/ Daniel M Press _____
**Debtor 1  (Required)**                                    **Debtor(s)' Attorney**


_____

**Debtor 2  (Required)**


By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained  in the Local Form Plan, other  than any nonstandard provisions included in Part 12.

**Exhibits:**       **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

    I certify that on 8/9/2026 _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.


 /s/ Daniel M. Press _____
Signature

 6718 Whittier Ave #200 _____

 McLean VA 22101 _____
Address

 703-734-3800 _____
Telephone No:


CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on 8/9/2026 _____ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

(✓) by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

(✓) by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.


 /s/ Daniel M Press _____
Signature of attorney for debtor(s)

[ver. 01/25]
First Class:

Midland Credit Management Inc.
CORPORATION SERVICE COMPANY, Reg. Agt.
100 Shockoe Slip Fl 2
Richmond, VA, 23219 - 4100

Goose Creek Village Homeowners Association
BRENDAN P BUNN, Reg. Agt.
CHADWICK, WASHINGTON ET AL,
3201 JERMANTOWN ROAD, SUITE 600,
FAIRFAX, VA, 22030

Certified:

President
Truist Bank
214 N Tryon St
Charlotte, NC 28202

1st Class:
President
TOWNES AT GOOSE CREEK VILLAGE
1st Service Residential
3975 FAIR RIDGE DR STE 210S
FAIRFAX     VA     22033

8

**Fill in this information to identify your case:**

Debtor 1     Troy L Gray
_____
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing) First Name     Middle Name     Last Name

United States Bankruptcy Court for the: _ Eastern District of Virginia

Case number     26-11233
(If known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
| --- | --- |

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | **Debtor 1** | **Debtor 2 or non-filing spouse** |
| --- | --- | --- |
| **Employment status** | ☑ Employed ☐ Not employed | ☐ Employed ☐ Not employed |
| **Occupation** | Laser operator | |
| **Employer's name** | NJ Sullivan Co Inc. | |
| **Employer's address** | 11450 University Blvd<br>Number   Street | Number   Street |
| | Manassas, VA 20109<br>City          State   ZIP Code | City          State   ZIP Code |
| **How long employed there?** | 2 years | |

| Part 2: | Give Details About Monthly Income |
| --- | --- |

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
| --- | --- | --- | --- |
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 6,505.22 | $ _____ |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $ 0.00 | + $ _____ |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 6,505.22 | $ _____ |

Debtor 1   Troy L Gray

First Name   Middle Name   Last Name

Case number (if known) 26-11233

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ............................................................ ➔ 4. | $ 6,505.22 | $ |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 849.46 | $ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 445.16 | $ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 256.67 | $ |
| 5e. **Insurance** | 5e. | $ 594.32 | $ |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ |
| 5g. **Union dues** | 5g. | $ 0.00 | $ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ 0.00 | + $ |
| _____ | | $ | $ |
| _____ | | $ | $ |
| _____ | | $ | $ |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $ 2,145.61 | $ |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 4,359.61 | $ |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ |
| 8e. **Social Security** | 8e. | $ 0.00 | $ |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ 0.00 | + $ |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 0.00 | $ |

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

10.   $ 4,359.61  +  $ _____  =  $ 4,359.61

11. **State all other regular contributions to the expenses that you list in Schedule J.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: _____   11. + $ _____

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies   12.   $ 4,359.61

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Troy L Gray |
| | First Name — Middle Name — Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name — Middle Name — Last Name |
| United States Bankruptcy Court for the: | Eastern District of Virginia |
| | (State) |
| Case number (If known) | 26-11233 |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

   ☐ No

   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No

   ☑ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 6 | ☐ No ☑ Yes |
| Child | 12 | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 772.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $ 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $ 504.00 |

Debtor 1    Troy L Gray
          First Name          Middle Name          Last Name

Case number (*if known*) 26-11233

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. | **Utilities:** | | |
| 6a. | Electricity, heat, natural gas | 6a. | $ 300.00 |
| 6b. | Water, sewer, garbage collection | 6b. | $ 0.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 400.00 |
| 6d. | Other. Specify: _____ | 6d. | $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ 500.00 |
| 8. | **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ 50.00 |
| 10. | **Personal care products and services** | 10. | $ 50.00 |
| 11. | **Medical and dental expenses** | 11. | $ 50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 375.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 50.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. | Life insurance | 15a. | $ 0.00 |
| 15b. | Health insurance | 15b. | $ 0.00 |
| 15c. | Vehicle insurance | 15c. | $ 173.00 |
| 15d. | Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | |
| 17a. | Car payments for Vehicle 1 | 17a. | $ 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c. | Other. Specify:_____ | 17c. | $ 0.00 |
| 17d. | Other. Specify:_____ | 17d. | $ 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| 20a. | Mortgages on other property | 20a. | $ 0.00 |
| 20b. | Real estate taxes | 20b. | $ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1    Troy L Gray
First Name    Middle Name    Last Name

Case number *(if known)* 26-11233

21. **Other**. Specify:_____

_____

_____

21. **+**$_____ 0.00

**+**$_____

**+**$_____

22. **Calculate your monthly expenses.**

22a. Add lines 4 through 21.

22a. $_____ 3,224.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 22c. Add line 22a

22b. $_____

and 22b. The result is your monthly expenses.

22c. $_____ 3,224.00

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*

23a. $_____ 4,359.61

23b. Copy your monthly expenses from line 22c above.

23b. **−** $_____ 3,224.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.

23c. $_____ 1,135.61

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.    Explain here:

Label Matrix for local noticing
0422-1
Case 26-11233-KHK
Eastern District of Virginia
Alexandria
Sun Aug  9 14:29:54 EDT 2026

County of Loudoun, VA
c/o Tina Estevao
PO Box 7000
Leesburg, va 20177-7000

Federal Home Loan Mortgage Corporation
Robertson, Anschutz, Schneid, Crane
13010 Morris Rd., Suite 450
Alpharetta, GA 30004-2001

Goose Creek Village Homeowners Association
c/o Chadwick, Washington, et al.
12150 Monument Dr.
Suite 400
Fairfax, VA 22033-4063

The Townes at Goose Creek Village Condominiu
c/o Chadwick, Washington, et al.
12150 Monument Dr.
Suite 400
Fairfax, VA 22033-4063

United States Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314-5405

AMERICAN FIRST FINANCE
PO BOX 565848
DALLAS, TX 75356-5848

AT&T
1900 GALLOWS RD
VIENNA, VA 22182-3886

AT&T
PO Box 4500
Allen, TX 75013-1311

American First Finance, LLC
Jefferson Capital Systems, LLC Assignee
PO BOX 7999
SAINT CLOUD, MN 56302-7999

Ashburn Walk in Clinic
21001 Sycolin Rd Ste 180
Ashburn, VA 20147-4074

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

CHADWICK WASHINGTON AND MORIARITY
ELMORE & BUNN PC
12150 MONUMENT DRIVE SUITE 400
FAIRFAX, VA 22033-4063

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Credence Resource Mgt
1111 Digital Dr Ste 101
Richardson, TX 75081-2077

FIRST SERVICE RESEDENTIAL
3975 FAIR RIDGE DRIVE SUITE 210S
FAIRFAX, VA 22033-2948

Federal Home Loan Mortgage Corporation
c/o Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

Goose Creek Village HOA
First Service Residential
3975 Fair Ridge Dr  Ste 210
Fairfax, VA 22033-2948

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

MICHAEL R COGAN
12 SOUTH SUMMIT AVE SUITE 250
GAITHERSBURG, MD 20877-2092

Michael Cogan Esq
20410 Century Boulevard Suite 125
Germantown, MD 20874-1186

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Credit Mgt
320 E. Big Beaver Rd.
Troy, MI 48083-1271

(p)PETER HEINDEL  ESQ
6627 WEST BROAD STREET
SUITE 200
RICHMOND VA 23230-1733

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

SELECT PORTFOLIO SERVICING
PO BOX 65250
SALT LAKE CITY, UT 84165-0250

THE UNIT OWNERS ASSOCIATION OF THE TOWNES AT
CREEK VILLAGE CONDOMINIUMS
3975 FAIR RIDGE DRIVE
FAIRFAX, VA 22033-2911

TRUIST
214 N TRYON ST
CHARLOTTE, NC 28202-1078

Truist Bank
PO Box 1874
Wilson, NC 27894-1874

Truist Bank, Support Services
P.O. Box 1847 / 100-50-01-51
Wilson NC 27894-1847

UVA HEALTH
P.O. BOX 743977
ATLANTA, GA 30374-3977

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101-4531

Matthew W. Cheney
Office of the U.S. Trustee - Region 4
1725 Duke Street
Suite 650
Alexandria, VA 22314-3489

Thomas P. Gorman
Thomas P. Gorman, Chapter 13 Trustee
1414 Prince St.
Ste. 202
Alexandria, VA 22314-2853

Troy Lynwood Gray
42761 Keller Terrace
Ashburn, VA 20147

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

Peter Heindel Esq
6627 W Broad St 200
Richmond, VA 23230

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Federal Home Loan Mortgage Corporation
Robertson, Anschutz, Schneid, Crane
13010 Morris Road., Suite 450
Alpharetta, GA 30004-2001

(d)Goose Creek Village Homeowners Association
c/o Chadwick, Washington, et al.
12150 Monument Dr., Suite 400
Fairfax, VA 22033-4063

(d)The Townes at Goose Creek Village Condomin
c/o Chadwick, Washington, et al.
12150 Monument Dr., Suite 400
Fairfax, VA 22033-4063

End of Label Matrix
Mailable recipients    34
Bypassed recipients     3
Total                  37

UNITED STATES BANKRUPTCY COURT EASTERN
DISTRICT OF VIRGINIA

Alexandria                     Division

In re:   Troy Lynwood Gray

Case No.   26-11233

Chapter 13

Debtor(s)

*SPECIAL NOTICE TO SECURED CREDITOR*

To:   Goose Creek Village Homeowners Association   , Attn:   President

*Name of creditor*

42761 Keiller Terrace, Ashburn VA

*Description of collateral*

1.  The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

     To value your collateral. **See Section 4 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

[X ]   To modify the interest rate. **See Section 4D of the plan**.  The interest rate you will receive may be less than the contract rate.

[X ]   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 8 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.*
The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                                9/14/2026
Date and time of confirmation hearing:             9/21/26, 1:30 PM
Place of confirmation hearing:                     Courtroom III, 200 S Washington St, Alex. VA

Troy L Gray

*Name(s) of debtor(s)*

By:   /s/ Daniel M. Press

*Signature*

|✓  Debtor(s)' Attorney
[    Pro se debtor

Daniel M Press
_____
*Name of attorney for debtor(s)*
6718 Whittier Ave. #200
_____
*Address of attorney [or pro se debtor]*
McLean VA 22101
_____

*Tel. #*   703-734-3800
_____

*Fax #*   _____

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

( ✓ ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

(    ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this 9th_____ day of August_____, 20 26_____.

/s/ Daniel M  Press
_____
*Signature of attorney for debtor(s)*

Goose Creek Village Homeowners Association
BRENDAN P BUNN, Reg. Agt.
CHADWICK, WASHINGTON ET AL,
3201 JERMANTOWN ROAD, SUITE 600,
FAIRFAX, VA, 22030

ver. 12/25

UNITED STATES BANKRUPTCY COURT EASTERN
DISTRICT OF VIRGINIA

Alexandria _____ Division

In re:   Troy Lynwood Gray

Case No.   26-11233

Chapter 13

Debtor(s)

*SPECIAL NOTICE TO SECURED CREDITOR*

To:   TOWNES AT GOOSE CREEK VILLAGE UOA , Attn:   President _____

*Name of creditor*

42761 Keiller Terrace, Ashburn VA

*Description of collateral*

1.  The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

To value your collateral. **See Section 4 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

[X ]   To modify the interest rate. **See Section 4D of the plan**.  The interest rate you will receive may be less than the contract rate.

[X ]   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 8 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.  **You should read the attached plan carefully for the details of how your claim is treated.** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                            9/14/2026

Date and time of confirmation hearing:         9/21/26, 1:30 PM

Place of confirmation hearing:                 Courtroom III, 200 S Washington St, Alex. VA

Troy L Gray

*Name(s) of debtor(s)*

By:  /s/ Daniel M. Press

*Signature*

|✓  Debtor(s)' Attorney
[    Pro se debtor

Daniel M Press
*Name of attorney for debtor(s)*

6718 Whittier Ave. #200
*Address of attorney [or pro se debtor]*

McLean VA 22101

*Tel. #*    703-734-3800

*Fax #*

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

( ✓ ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

(    ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this 9th         day of August                    , 20 26     .

/s/ Daniel M  Press
*Signature of attorney for debtor(s)*

President
TOWNES AT GOOSE CREEK VILLAGE
1st Service Residential
3975 FAIR RIDGE DR STE 210S
FAIRFAX VA 22033

ver. 12/25

UNITED STATES BANKRUPTCY COURT EASTERN
DISTRICT OF VIRGINIA

Alexandria _____ Division

In re:  Troy Lynwood Gray

Case No.  26-11233 _____

Chapter 13

Debtor(s)

*SPECIAL NOTICE TO SECURED CREDITOR*

To:  Midland Credit Management Inc. _____ , Attn: _____

*Name of creditor*

42761 Keiller Terrace, Ashburn VA

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

> To value your collateral. **See Section 4 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

> To modify the interest rate. **See Section 4D of the plan**. The interest rate you will receive may be less than the contract rate.

> ✓ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 8 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:  9/14/2026

Date and time of confirmation hearing:  9/21/26, 1:30 PM

Place of confirmation hearing:  Courtroom III, 200 S Washington St, Alex. VA

Troy L Gray _____

*Name(s) of debtor(s)*

By:  /s/ Daniel M. Press _____

*Signature*

|✓  Debtor(s)' Attorney

[   Pro se debtor

Daniel M Press

*Name of attorney for debtor(s)*

6718 Whittier Ave. #200

*Address of attorney [or pro se debtor]*

McLean VA 22101

*Tel. #*    703-734-3800

*Fax #*

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

( ✓ ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

(    ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this 9th          day of August                          , 20 26         .

/s/ Daniel M  Press

*Signature of attorney for debtor(s)*

Midland Credit Management Inc.
CORPORATION SERVICE COMPANY,
Reg. Agt.
100 Shockoe Slip Fl 2
Richmond, VA, 23219 - 4100

ver. 12/25

UNITED STATES BANKRUPTCY COURT EASTERN
DISTRICT OF VIRGINIA

Alexandria                          Division

In re:   **Troy Lynwood Gray**

Case No.   26-11233

Chapter 13

Debtor(s)

*SPECIAL NOTICE TO SECURED CREDITOR*

To:   Truist Bank                           , Attn:   President

*Name of creditor*

42761 Keiller Terrace, Ashburn VA

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   To value your collateral. **See Section 4 of the plan.** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   To modify the interest rate. **See Section 4D of the plan**.  The interest rate you will receive may be less than the contract rate.

   ✓   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **See Section 8 of the plan.** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. **You should read the attached plan carefully for the details of how your claim is treated.**
The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | 9/14/2026 |
| Date and time of confirmation hearing: | 9/21/26, 1:30 PM |
| Place of confirmation hearing: | Courtroom III, 200 S Washington St, Alex. VA |

Troy L Gray

*Name(s) of debtor(s)*

By:   /s/ Daniel M. Press

*Signature*

| ✓   Debtor(s)' Attorney
[    Pro se debtor

Daniel M Press

*Name of attorney for debtor(s)*

6718 Whittier Ave. #200

*Address of attorney [or pro se debtor]*

McLean VA 22101

*Tel. #*    703-734-3800

*Fax #*

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

(     ) first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

( ✓ ) certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this 9th _____ day of August _____, 20 26 _____.

/s/ Daniel M  Press

*Signature of attorney for debtor(s)*

President
Truist Bank
214 N Tryon St
Charlotte, NC 28202